```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

WILLIAM HOWARD ROBINSON,           *
(AIS: #248709)                     *
    Plaintiff,                     *
                                   *
vs.                                *   CIVIL ACTION NO.13-00180-CG-B
                                   *
SAM COCHRAN, *et al.*,             *
                                   *
    Defendants.                    *

## REPORT AND RECOMMENDATION

This action is before the Court on review. The Court's Order dated April 18, 2014 (Doc. 10) was mailed to Plaintiff at Kilby Correctional Facility, P. O. Box 150, Mt. Meigs, Alabama 36057. This is the last address of record provided by Plaintiff. The mail was returned to the Court with the notation "refused, return to sender, not here." Upon review of the Alabama Department of Corrections' website, the Court discovered that Plaintiff is no longer in ADOC's custody. Since his release from ADOC custody, Plaintiff has failed to provide the Court with his new address even though he was ordered to keep the Court advised of any changes in his address[1] (Doc. 1 at 9).

In light of Plaintiff's failure to comply with the Court's order to keep the Court appraised of his address, and the fact that the

---

[1] Not only was Plaintiff previously directed to notify the Court of any change in his address, but on two occasions prior to his release from custody, Plaintiff updated his address with the Court. (Docs. 8, 9). Thus, there can be no question that Plaintiff was fully aware of his obligation to keep the Court appraised of his address.

Court has no means by which to reach Plaintiff, the undersigned concludes that Plaintiff has abandoned the prosecution of this action. Upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no lesser sanction will suffice. Link v. Wabash R.R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Blunt v. U. S. Tobacco Co., 856 F.2d 192 (6th Cir. 1988) (unpublished); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993) (the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 683, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **23rd** day of **July, 2014.**

                                                /S/SONJA F. BIVINS
                                    **UNITED STATES MAGISTRATE JUDGE**